**AMAX COAL COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, and Robert Tanner, Respondents.**

No. 02–2597.

United States Court of Appeals, Seventh Circuit.

Argued April 1, 2003.

Decided April 15, 2003.

---

---

Before FLAUM, Chief Judge,
COFFEY, and EVANS, Circuit Judges.

**ORDER**

After working as a coal miner for more than 37 years, Robert Tanner took early retirement in 1985. He enjoyed his freedom, filling his time by playing golf, fishing, gardening, and traveling. But his fun was soon tempered when he began having trouble breathing. Over time, Tanner's respiratory problems worsened, and by 1997 he could walk no more than a half of a block before becoming short of breath.

This appeal arises out of a dispute about the cause of Tanner's lung problems. Both sides agree that his longtime smoking habit played a part, but Tanner says pneumoconiosis, resulting from his exposure to coal dust, also played a significant role. An administrative law judge agreed and awarded benefits to Tanner under the

Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*

On appeal, the Benefits Review Board remanded the case for reconsideration of five dissenting medical opinions, which, along with employer Amax Coal, contended that Tanner's smoking (estimated by one doctor at over 500,000 lifetime cigarettes) was the sole cause of his debilitating lung problems. On remand, the ALJ described in detail why she found the dissenting doctors lacked credibility and reinstated the original award of benefits. That satisfied the Benefits Review Board, which affirmed. Amax Coal appeals that decision.

We must affirm the decision of the Benefits Review Board as long as the underlying ALJ decision is "rational, supported by substantial evidence, and in accordance with the law. Substantial evidence is such relevant evidence as a rational mind might accept as adequate to support a conclusion." *Amax Coal Co. v. Director, O.W.C.P.*, 312 F.3d 882, 887 (7th Cir.2002) (quoting *Freeman United Coal Mining Co. v. Summers*, 272 F.3d 473, 478 (7th Cir.2001)).

Amax argues that the best available medical evidence supports the experts who said smoking was the sole cause of Tanner's lung problems, and, as such, the ALJ should have given more weight to their opinions. But, absent exceptional circumstances that are not found here, that is precisely the type of credibility determination that is left to the ALJ. *See Meyer v. Zeigler Coal Co.*, 894 F.2d 902, 908 (7th Cir.1990) (holding that we will not question the ALJ's decision to give more weight to one doctor's opinion unless it "departs so much from the information and test results before him as to offend reason"); *Peabody Coal Co. v. Benefits Review Bd.*, 560 F.2d 797, 802 (7th Cir.

1977) ("The evaluation of the witnesses' credibility, including that of medical witnesses, is for the trier of fact. Moreover, the trier of fact is not bound to accept the opinion or theory of any given medical officer, but may weigh the medical evidence and draw [her] own inferences.") (citations omitted).

With credible medical opinions and evidence on both sides, we cannot be sure that Tanner's years in the mines contributed to his later breathing problems. But we do not have to be sure. Drs. Cohen and Sandoval examined Tanner and concluded that exposure to coal dust likely played a significant role, providing substantial evidence for the ALJ's decision. That is as far as our inquiry must go.

■ Amax also argues that, even if Tanner's problems resulted from pneumoconiosis, he did not become totally disabled until after his retirement. As such, Amax claims, Tanner is not entitled to benefits. The Ninth Circuit called a similar argument "frivolous." *Palmer Coking Coal Co. v. Director, O.W.C.P.*, 720 F.2d 1054, 1058 (9th Cir.1983). We agree. An employer cannot evade responsibility simply because its employee retired before suffering from or being diagnosed with pneumoconiosis. *See* 30 U.S.C. § 901 ("It is, therefore, the purpose of this title to provide benefits, in cooperation with the States, to coal miners who are totally disabled due to pneumoconiosis...."). *See also National Indep. Coal Operator's Ass'n v. Brennan* 372 F.Supp. 16, 25 (D.D.C.) (three-judge panel), *aff'd without opinion*, 419 U.S. 955, 95 S.Ct. 216, 42 L.Ed.2d 172 (1974) ("It is clear that Congress intended to provide full protection to older, retired miners who have only recently discovered the disease or in whom the disease is still latent."). Amax claims *Peabody Coal Co. v. Vigna*, 22 F.3d 1388, 1394–95 (7th Cir.1994), supports its argument, but the claimant in

*Vigna* would have been disabled absent his pneumoconiosis. Since the ALJ determined that Tanner's disability resulted directly from his pneumoconiosis, *Vigna* is not relevant.

Because it is rational and supported by substantial evidence, the order of the Benefits Review Board is AFFIRMED.